## INCORPORATED JOINT STOCK COMPANY.

Jenkins, plaintiff in error, *v.* The Union Turnpike Company.

1 C. C. E. 85.    1 C. N. Y. R. 381.

*Liability of Subscriber upon Subscription to Stock; Amending Postea after General Verdict.*

The defendants in error were incorporated for the purpose of improving a certain road designated in their charter, and their capital was to be composed of 1,000 shares at $25 each share. The act prescribed the form of subscription, and that at the time of subscribing, each subscriber should pay to the commissioners $10 for each share. The plaintiff in error, defendant below, had subscribed for 280 shares, but at the period of writing his name, the $10 per share were neither paid nor demanded. Two orders for paying $5 on each share subscribed, were made, with which the plaintiff in error refused to comply, and for their amount the present two actions were brought. The first count was on the agreement, the second and third treated it as a *promissory note.*

General verdicts having been found for the plaintiffs, the defendant moved in arrest of judgment.

1. Because the first count did not set forth the payment of

the $10 on each share, nor the other steps for choosing directors as prescribed, &c.  2. Because the second count did not set forth any good or valid consideration, but declared on the agreement, as on a note of hand; which was not within the statute, &c.

The plaintiffs thereupon, upon an affidavit that the evidence was offered under and calculated in particular to support the first count in each declaration, (the second and third counts not being read to the jury, nor referred to by the counsel,) immediately gave notice of a motion to amend the verdicts in the several suits from the judge's notes, so as to make them apply only to the counts in the several declarations, and to enter verdicts for the defendant on the other counts, and to amend the *postea* and rules for judgment, in conformity to such order as the court might make.

The Supreme Court held, 1. That the president and directors of the company were legally authorized to make the calls, and that the contract of the defendant was broken by not paying, according to the order or call of the president and *directors ;* although payable by the terms of the subscription to the president, directors, and *company.*

2. That the interest acquired by subscribing for shares in the stock of an incorporated company, is a good consideration to support an action against the subscriber.  But the promise to pay in such cases, as the president, directors, and company, may order, *before the corporation is organized,* is not such an instrument as will support an action, as for a *promissory note.* The payment was then uncertain and contingent, and the instrument must be declared on as a special agreement.

3. That where, as in this case, there are some good counts and some bad, and a general verdict on the whole; if the *evidence* has been on the *good counts only,* the verdict may be amended from the judge's notes after notice of motion in arrest of judgment, on a cross motion to amend the verdict and *postea,* &c.

The motion to arrest the judgment was denied, and that for amendment granted, upon the *affidavit alone.*  Kent, J., who tried the cause, saying the affidavit was correct, and

therefore he deemed it sufficient for the amendment, in which the court concurred.

Lewis, Ch. J., delivered an opinion in favor of arresting judgment; holding the *first* count defective, on the ground of want of consideration, as no *mutuality* existed until the payment of the $10 per share had been paid; that the company might have *refused* the stock to the defendant, and that therefore he was not bound as a stockholder.

From this decision the defendant brought his writ of error.

The Court of Errors, Lansing, Chancellor, and L'Homme-dieu, senator, delivering opinions for reversal, reversed the judgment. The former says, "the commissioners were directed to exact from the persons who were to be admitted members of the corporation, both *subscription and payment*, as a condition precedent to their admission. If they omitted either to *subscribe* or to *pay*, they did not come within the terms of admission. It did not constitute a contract; for the contract, if any, was, "*I agree* to pay $25 for every share I acquire by this subscription," and if none were acquired, none were to be paid for.

"This result would render it unnecessary to examine the second point," (as to the sole remedy being by forfeiture of the stock,) but I shall cursorily remark, that if the subscription was efficient in the first instance, I have no doubt, but that the defendants might resort to their action as a cumulative remedy, and that they had their election either to sue or to exact the forfeiture prescribed by the act of incorporation. The contract if binding, would entitle the defendants in error to maintain their action. Therefore the plaintiff may either have his remedy by the common law or by the statute." L'Hommedieu, senator, argued that as the act gave no remedy but forfeiture of the shares, that forfeiture was the only thing the corporation could insist on. It does not appear that his opinion found any adherents.

The court *reversed* the judgment, holding that the action *under the circumstances of this subscription*, would not lie.

---

☞ The foregoing case of *Jenkins* v. *The Union Turnpike Company*, came under the review of the Supreme

Court, in the case of the *Goshen Turnpike Company* v. *Hustin*, 9 J. R. 217. That was an action upon a *promissory note* for "$125 for 5 shares of the stock of the corporation, payable in such manner and proportion, and at such time and place as the said plaintiffs should from time to time require."

There was a general demurrer to the declaration, and joinder in demurrer. The cause was submitted to the court, without argument. Upon these *pleadings*, it was decided by the Supreme Court, as follows : " The note set forth in the declaration is a good promissory note within the statute, though it has not the words " *bearer or order*," and may be declared on as such. The note was payable in money, and payable *absolutely*, and not upon any contingency. It was in effect payable on demand, and it was not requisite that a consideration should be averred, or appear upon the face of the note. There is, however, a consideration appearing on the face of the note in this case, for the promise to pay the $125, was " for five shares of the capital stock of the corporation.

" But the question which the parties undoubtedly had principally in view, in this case, is, whether an action will lie at all on a promise by a turnpike stockholder to pay his instalments; and whether the remedy of a forfeiture of the shares and of all previous payments, be not the only remedy. The decision of the Court of Errors, by which the decision of this court, in the case of *The Union Turnpike Company* v. *Jenkins*, was reversed, may have given countenance to that opinion, but we apprehend upon a careful examination of that case, the reversal is to be placed upon other grounds, and that the reasoning and decision of this court, upon the principal point, remains good." The " principal point," here meant, is no doubt, that an *action would lie* if the subscription were valid. " In that case, the condition upon which Jenkins was to become a member of the company, viz., paying $10, and the company was not understood to have been in *esse* at the time of the promise. It is to be presumed that the judgment of reversal went upon that ground ; and that was the ground taken by the Chancellor, who was then the principal law member of that court."

In the case of the *Dutchess Cotton Manufactory* v. *Davis*, 14 J. R. 238, the Supreme Court affirmed the principle of their decision, in the above case. That was also an action upon a *promissory note* for shares of the stock of company similar to that in Hustin's case, and a demurrer to the 2d and 3d counts of the declaration.

Thompson, Ch. J., in delivering the opinion of the court, says : " Since the decision of this court in the case of *Goshen Turnpike Company* v. *Hustin*, the question whether an action will lie at all upon a promise by a stockholder, in a corporation like the present, to pay his instalments, ought to be considered at rest, at least in this court. We then took occasion to notice the decision of the Court of Errors in the case of the *Union Turnpike Company* v. *Jenkins*, and concluded that although *one* of the members of the court, in delivering his opinion, thought that the only remedy was the forfeiture of the shares and all previous payments, yet, that was not the point on which the decision turned, but on the ground taken by the Chancellor, that the condition upon which Jenkins was to become a member of the company, viz., paying $10, had not been performed, and that the corporation was not considered *in esse* at the time of making the promise by Jenkins."

☞ It will be observed that these decisions of the Supreme Court, holding ; that the promises to pay for shares, &c., in the two last cases, may be declared on as *promissory notes*," do not interfere with their contrary decision, on that point, in the case of *The Union Turnpike Company* v. *Jenkins*. That was based on the *contingency*, viz., the future organization of the company, which was attached to the promise in that case, vid. 1 Ca. Rep., opinion of Radcliffe, J., 391, 392.

See further, as to the liability of subscribers to the capital stock of incorporated joint stock companies, *Herkimer Man. and Hydraulic Company* v. *Small*, 21 Wend. 273; *Troy Turnpike and Railroad Company*, 21 id. 296, where the Supreme Court held that the remedy of the company was either by action or forfeiture, and in the former case that a forfeiture *after suit brought*, was no bar, but that the defendant was entitled to the benefit of the amount of the "*real*

*cash value* of his stock at the time it was forfeited, which should be deducted from the nominal amount, and the verdict be for the balance.

In another and later suit by the *Herkimer Man. and Hyd· Company* v. *Small*, 2 Hill, 127, which was an action to recover instalments upon a subscription to stock of the company: the defendant pleaded, that "by reason of his default in respect to *another* instalment, *all* the shares subscribed by him, had been declared forfeited by the company, after the suit brought, pursuant to a power contained in their charter, and that the stock forfeited was equal in value *to the amount claimed in this suit*," to which there was a demurrer.

The Supreme Conrt held, that the plea was defective in not averring, either an actual application or appropriation of the forfeited stock to the extinguishment of the instalments sued for; or that its cash value was equal to the whole amount of the defendant's subscription, and that a stockholder has no right to apply a forfeiture thus declared, to extinguish particular instalments.

Cowen, J., who delivered the opinion of the court, says: "We are not necessarily called upon to inquire whether such taking possession or sale after suit brought, would bar the action, short of a value covering costs as well as principal and interest. However there must be judgment for the plaintiffs, on the ground that the value of the stock is not averred to reach the whole debt and interest."